IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN J. RUSCH, LORIE A. RUSCH and
RUSCH EQUIPMENT SALES, LLC,

                       Plaintiffs,                         ORDER

v.

                                                                12-cv-521-slc[1]

GARY McCARTAN,

                       Defendant.

---

In response to this court's order entered on August 27, 2012, plaintiff Lorie Rusch has submitted an affidavit of indigency to support her request for leave to proceed *in forma pauperis*. Both plaintiffs Steven Rusch and Lorie Rusch are requesting leave to proceed *in forma pauperis* in this case, which was transferred to this court from the Western District of Kentucky on July 24, 2012. The standard for determining whether a plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

---

[1] For the purpose of issuing this order, Judge William M. Conley acts for the court.

In this case, plaintiff Steven Rusch has a monthly income of $2000, which makes his annual income $24,000. Plaintiff Lorie Rusch has a monthly income of approximately $2943 and one dependent, which makes her annual income $31,616. Because combined both plaintiffs have an annual income greater than $32,000, if they wish to proceed with this action, they will have to pay the $350 filing fee in full.

In another matter, this court noted in it's August 27 order that plaintiff Rusch Equipment Sales, LLC was not represented by counsel. The court advised plaintiffs that although individuals may appear on behalf of or perform legal services for corporations or partnerships in Wisconsin's small claims courts, a non-lawyer is not permitted to represent or appear on behalf of a corporation in federal court. *Muzikowski v. Paramount Pictures Corp.*, 322 F.3d 918, 924 (7th Cir. 2003). Plaintiffs were directed to have an attorney submit a notice of appearance of counsel who had agreed to represent the company Rusch Equipment Sales, LLC by a deadline of September 19, 2012. The court told plaintiffs that if they failed to comply with the order, it would dismiss this plaintiff on the court's own motion without prejudice to plaintiff Rusch Equipment Sales, LLC filing suit at some later date when it has retained counsel to represent it. An attorney representing plaintiff Rusch Equipment Sales, LLC has not filed a notice of appearance by the court-ordered deadline.

Accordingly, plaintiff Rusch Equipment Sales, LLC will be dismissed on the court's own motion without prejudice to plaintiff Rusch Equipment Sales, LLC filing suit at some later date when it has retained counsel to represent it.

ORDER

IT IS ORDERED that

1. Plaintiffs Steven Rusch and Lorie Rusch's requests for leave to proceed *in forma pauperis* in this action are DENIED because plaintiffs do not qualify for indigent status. Plaintiffs may have until October 19, 2012, in which to pay the $350 fee for filing this lawsuit. If, by October 19, 2012, plaintiffs fail to pay the fee, the clerk of court is directed to close this case without prejudice for plaintiffs' failure to prosecute it.

2. Plaintiff Rusch Equipment Sales, LLC is DISMISSED on the court's own motion without prejudice to this plaintiff filing suit at some later date when it has retained counsel to represent it.

Entered this 28th day of September, 2012.

BY THE COURT:

_____
WILLIAM M. CONLEY
District Judge

3